UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN D., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )    1:23-cv-00338-NT |
| | ) |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) |
| | ) |
|    Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

**THE ADMINISTRATIVE FINDINGS**

Defendant's final decision is the September 22, 2022, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 7-2).[1] The ALJ's decision tracks

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found that Plaintiff has severe, but non-listing-level impairments, including attention-deficit hyperactivity disorder, adjustment disorder with depression and anxiety, depressive disorder, anxiety disorder, and post-traumatic stress disorder. (R. 18.)  Relevant here, the ALJ found that Plaintiff could perform simple, routine, repetitive tasks, in a low stress environment, with occasional and superficial interaction (defined as no tandem tasks or team work) with the general public, co-workers, and supervisors. (R. 22.)

Based on the RFC finding, Plaintiff's age, education and work experience, and the testimony of the vocational expert, the ALJ concluded that Plaintiff can perform substantial gainful activity existing in the national economy, including in the representative occupations of warehouse checker, garment sorter, and cafeteria attendant. (R. 33.) The ALJ further determined that even if Plaintiff was further limited to sedentary exertion work, Plaintiff can perform the work of a document preparer, final assembler, and lacquerer. (R. 33.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987).  Substantial evidence is evidence that a reasonable mind

might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues the ALJ's RFC assessment is not supported by substantial evidence. Plaintiff contends the ALJ's RFC assessment is improperly based on the ALJ's interpretation of the medical evidence and not on an expert's opinion.

An "ALJ must measure the claimant's capabilities and 'to make that measurement, an expert's RFC evaluation is ordinarily essential unless the extent of functional loss, and its effect on the job performance, would be apparent even to a lay person.'" *Manso-Pizzaro*, 76 F.3d at 17 (quoting *Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 7 (1st Cir. 1991)); *see also Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (ALJ is not "precluded from rendering common-sense judgments about functional capacity based on medical findings, so long as [the ALJ] does not overstep the bounds of a lay person's competence and render a medical judgment."). Plaintiff argues the ALJ's limitations resulting from Plaintiff's mental impairments are not based on an expert's opinion.

The ALJ did not endorse or adopt the opinions of any of the experts who offered

3

RFC opinions.[2] The ALJ found the opinions of consultants Donna Gates, Ph.D., who determined that Plaintiff did not have any significant mental health limitations (R. 1650), and Chukwuemeka Efobi, M.D., who, in response to medical interrogatories, opined that Plaintiff's condition moderately affected his ability to interact with co-workers and supervisors and did not impact his concentration, persistence, and pace (R. 1803), to be less persuasive because, in the ALJ's view, the record supported greater functional limitations. (R. 30.)

    Stephen Ouillette, Ph.D., one of Plaintiff's treatment providers, determined that Plaintiff had moderate to extreme limitations in concentration, persistence, and pace, and moderate limitations on his ability to interact with the public, co-workers, and supervisors. (R. 950.)  Another of Plaintiff's providers, Vicky Willey, Ph.D., determined that Plaintiff was extremely limited in his ability to maintain regular attendance, complete a normal workweek without interruption, perform at a consistent pace, carry out detailed instructions, and deal with the stress of semiskilled and skilled work. (R. 1924-25.)  Dr. Willey also concluded that Plaintiff was markedly limited in his ability to accept instructions and respond appropriately to criticism from supervisors, interact appropriately with the general public, and get along with co-workers. (*Id.*)  The ALJ found the opinions unpersuasive because the providers relied on Plaintiff's subjective complaints and the opinions were not supported by or consistent with the other evidence, including the evidence of Plaintiff's activity level and overall functionality.  The ALJ

---

[2] The ALJ also discounted the opinions of state agency psychological consultants David Houston, Ph.D., and Thomas Knox, Ph.D., who found Plaintiff's mental impairments to be non-severe and did not assess an RFC. (R. 29.)

4

wrote that Drs. Ouillette and Willey overstated Plaintiff's limitations. (R. 31.)

An ALJ is not required to adopt one medical expert opinion when developing a claimant's RFC.  An ALJ can permissibly "pick and choose among different expert opinions." *Ball v. Soc. Sec. Admin. Comm'r*, No. 2:14-cv-61-JDL, 2015 WL 893008, at *4 (D. Me. Mar. 2, 2015).

The ALJ assessed greater limitations than suggested by the state agency consultants, but not as great as the treatment providers.  The ALJ, however, did not "pick and choose" among the expert opinions.  Rather, the ALJ essentially declined to adopt any of the expert RFC opinions and developed an RFC based on his assessment of the medical information.  For instance, none of the experts opined that Plaintiff could have sophisticated interaction with co-workers and supervisors.  Dr. Willey determined that Plaintiff was significantly limited in his ability to accept instructions and criticism from a supervisor. Dr. Efobi found that Plaintiff's ability to interact with co-workers and supervisors was moderately limited. (R. 1803.). The ALJ characterized Dr. Willey's opinion as "unpersuasive" and Dr. Efobi's opinion as "less persuasive."  To the extent Plaintiff contends the ALJ's "sophisticated interaction" limitation is supported by Dr. Efobi's finding, Plaintiff's argument fails. The ALJ's relatively brief discussion of Dr. Efobi's opinions cannot be fairly read as an adoption of Dr. Efobi's opinion regarding Plaintiff's ability to interact with co-workers and supervisors. To the contrary, the ALJ's analysis is reasonably viewed as endorsing greater social limitations than Dr. Efobi

found.[3]  Dr. Efobi's opinion does not provide support for the ALJ's RFC assessment. [4]

The ALJ's RFC determination is also not within the common-sense judgment of a lay person as contemplated by the First Circuit in *Manso-Pizzaro*.  Furthermore, it does not represent the resolution of conflicting evidence, which is a task an ALJ is permitted and, in fact, required to make.  *See Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981) ("the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [the ALJ], not for the doctors or for the courts").  Finally, the ALJ's finding cannot be justified as giving Plaintiff the benefit of the doubt based on his testimony.  *See Kristina D.B. v. Berryhill*, No. 18-cv-00088-JHR, 2019 WL 1407407, at *4 (D. Me. Mar. 28, 2019) ("[i]t is not error to assess restrictions more

---

[3] Defendant suggests that the VE's testimony renders irrelevant any social limitations. When the ALJ asked whether a person who was limited to superficial interaction with co-workers and supervisors could perform the representative jobs, the VE responded:

> Those three jobs are still viable.  Consistent with the DOT in the temperaments category, none of them require interacting with people or tandem work. So, all three jobs are still viable.

(R. 93.)

I do not read the VE's testimony as broadly as Defendant – that is, to require no interaction with supervisors and co-workers. As this Court has recognized, such a finding would be contrary to Defendant's "own definition of the basic mental demands of unskilled work." *Gurney v. Astrue*, No. 09-153-B-W, 2010 WL 323912, at * 3 (D. Me. Jan. 20, 2010) (citing *Stark v. Astrue*, No. C 07-6465 MHP, 2009 WL 2566723, at *8 (N.D. Cal. Aug. 18, 2009); Social Security Ruling 96-9p (mental capabilities required to perform unskilled work include responding appropriately to supervision, co-workers and usual work situations)).  A more reasonable interpretation of the testimony is that the representative jobs do not require interaction with others to perform the functions of the job.

[4] Even if Dr. Efobi's opinions theoretically could support some of the ALJ's RFC assessment despite the ALJ's apparent rejection of the opinions, the ALJ would have to be more specific regarding the opinions, if any, of Dr. Efobi that he found to be persuasive. The ALJ wrote that the record supports "greater mental functional limitations than opined" by Dr. Efobi, without exempting any of the opinions. (R. 30.) Defendant, therefore, cannot rely on Dr. Efobi's opinion to support the ALJ's findings as to concentration, persistence, and pace.

favorable to a claimant than those set forth by medical experts on the basis of the adoption of a claimant's own testimony" (internal citation and quotation marks omitted)). Plaintiff advocated for and described limitations that would support a greater RFC – one in accord with the opinions of his treatment providers.

The ALJ rejected the expert opinions and "necessarily crafted an RFC assessment in part from [his] own assessment of the raw medical evidence." *Kaylor v. Astrue*, No. 2:10-cv-33-GZS, 2010 WL 5776375, at *4 (D. Me. Dec. 30, 2010). "[A]n ALJ may not substitute his or her judgment for that of an expert, nor translate raw medical data into an RFC assessment." *Dustin T. v. Saul*, No. 1:20-cv-00310-GZS, 2021 WL 3047257, at *5 (D. Me. July 20, 2021) (citing *Nguyen*, 172 F.3d at 35; *Manso-Pizzaro*, 67 F.3d at 16). The ALJ, therefore, erred in the RFC assessment. Remand is warranted.[5]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

---

[5] Because I have determined remand is warranted based on the ALJ's mental RFC finding, I do not address Plaintiff's other claimed errors.

7

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of April, 2024.